JUDGE LEINENWEBER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION    MAGISTRATE JUDGE NOLAN

UNITED STATES OF AMERICA )
)  No. **08CR    328**
v. )
)  Violations: Title 18, United States
MICHAEL NAPADOW, )  Code, Sections 1341 and 1343
also known as "Michael Holland" )

**FILED**

APR 1 7 2008 **TC**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL JUNE 2007 GRAND JURY charges:

1.    At times material to this indictment:

a.    Defendant MICHAEL NAPADOW operated a business known as Nations Hazard Insurance Company (also known as "Nations Hazard," "National Hazard Insurance," "NH Company," and "Napslo Holding Company"), a company that purported to sell Errors and Omissions ("E&O") insurance, general liability insurance, and pre-paid legal insurance to home inspectors.

b.    NAPADOW also did business as Hartford Casualty Insurance (also known as "the Hartford Company"), a company that purported to sell E&O insurance, general liability insurance, and pre-paid legal insurance to home inspectors.

c.    NAPADOW was not authorized to sell E&O insurance or general liability insurance in the State of Illinois, and he had no affiliation with any entity authorized to sell E&O insurance or general liability insurance in Illinois.

2.    Beginning in or about April 2003 and continuing until at least January 2005,

in the Northern District of Illinois, and elsewhere,

MICHAEL NAPADOW,
also known as "Michael Holland,"

defendant herein, knowingly devised and attempted to devise, a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, promises and material omissions, and in furtherance thereof used the United States mails and interstate wires, which scheme is further described below.

3.     It was part of the scheme that NAPADOW falsely represented himself to home inspectors as an authorized provider of E&O insurance and general liability insurance, when in fact, he was neither licensed to sell either type of insurance, nor was he authorized to sell insurance of behalf of any entity authorized to sell either type of insurance in Illinois.

4.     It was further part of the scheme that NAPADOW obtained clients by falsely advertising through websites and e-mails that he was a provider of E&O insurance and general liability insurance.

5.     It was further part of the scheme that NAPADOW never provided or intended to provide E&O or general liability insurance to those persons who paid him for coverage.

6.     It was further part of the scheme that NAPADOW falsely represented that the purported insurance polices he sold were underwritten by legitimate, reputable underwriters, when in fact, NAPADOW did not have any business relationship with these companies, and made these false representations to lull customers into purchasing insurance policies from him.

2

7.     It was further part of the scheme that NAPADOW solicited home inspectors to purchase insurance from him by faxing and e-mailing potential customers a document purporting to be a price quote and application for E&O, general liability, and pre-paid legal insurance, which set forth the price for one year's worth of coverage and also informed customers that their insurance coverage would begin immediately upon the customer returning the signed application by facsimile and NAPADOW processing the customer's first payment.

8.     It was further part of the scheme that NAPADOW permitted his customers to pay their insurance premiums by credit card or check in monthly or yearly installments, which amounts he deposited into his bank accounts and fraudulently converted for his own use and benefit.

9.     It was further part of the scheme that after NAPADOW received a customer's first insurance premium payment, he mailed or e-mailed the customer fraudulent documents purporting to represent the customer's insurance policy, when in truth and fact, NAPADOW could not, and never intended to, insure these customers.

10.    It was further part of the scheme that NAPADOW executed and attempted to execute the scheme described above by causing correspondence, invoices, other documents, funds, and other items to be transmitted in interstate commerce by signals over wire or through the U.S. mails.

11.    It was further part of the scheme that after NAPADOW was ordered by the

3

Illinois Department of Insurance to cease and desist his fraud, NAPADOW re-located his company outside the continental United States, and continued the fraud scheme under "the Hartford Company" business name and the alias name "Michael Holland."

12.     It was further part of the scheme that NAPADOW misrepresented, concealed and hid and caused to be misrepresented, concealed and hidden, the acts and purposes of the acts done in furtherance of the scheme to defraud.

13.     It was further part of the scheme that NAPADOW caused approximately 215 customers to pay him approximately $289,652.80 for non-existent E&O and general liability insurance, which payments he fraudulently converted to his own use and benefit.

14.     On or about April 25, 2003, at Elgin, in the Northern District of Illinois, Eastern Division,

MICHAEL NAPADOW,
also known as "Michael Holland,"

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain wirings, signs, and signals, namely a facsimile, from Elgin, Illinois, to Victim A in Darien, Wisconsin, which falsely set forth a false quotation for E&O and general liability insurance coverage;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.     The Grand Jury realleges and incorporates paragraphs 1 through 14 of Count One of this indictment as though fully set forth herein.

2.     On or about April 26, 2003, at Elgin, in the Northern District of Illinois, Eastern Division,

MICHAEL NAPADOW,
also known as "Michael Holland,"

defendant herein, for the purpose of executing the above-described scheme to defraud, and attempting to do so, knowingly caused Victim A to deposit an envelope to be sent and delivered by the United States Postal Service, according to the directions thereon to 925 Carriage Way, Suite 22, in Elgin, Illinois, 60120-2518, which envelope contained a check made payable to Nations Hazard Insurance Company in Elgin, Illinois, in the amount of $2349.04;

In violation of Title 18, United States Code, Section 1341.

5

## COUNT THREE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates paragraphs 1 through 14 of Count One of this indictment as though fully set forth herein.

2.    On or about June 18, 2003, at West Dundee, in the Northern District of Illinois, Eastern Division,

MICHAEL NAPADOW,
also known as "Michael Holland,"

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused Victim B to transmit by means of a wire communication in interstate commerce, certain wirings, signs, and signals, namely a facsimile, from Waukesha, Wisconsin, to Nations Hazard in West Dundee, Illinois, which consisted of a completed application for E&O, general liability, and pre-paid legal insurance;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates paragraphs 1 through 14 of Count One of this indictment as though fully set forth herein.

2.    On or about November 14, 2003, at Carpentersville, in the Northern District of Illinois, Eastern Division,

MICHAEL NAPADOW,
also known as "Michael Holland,"

defendant herein, for the purpose of executing the above-described scheme to defraud, and attempting to do so, knowingly deposited and caused to be deposited an envelope to be delivered by the United States Postal Service, according to the directions thereon to Victim B's address in Waukesha, Wisconsin, which envelope contained an invoice requesting payment in the amount of $467.00 for a "pay-as-you-go" insurance package;

In violation of Title 18, United States Code, Section 1341.

## COUNT FIVE

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.      The Grand Jury realleges and incorporates paragraphs 1 through 14 of Count One of this indictment as though fully set forth herein.

2.      On or about July 7, 2003, at West Dundee, in the Northern District of Illinois, Eastern Division,

MICHAEL NAPADOW,
also known as "Michael Holland,"

defendant herein, for the purpose of executing the above-described scheme to defraud, and attempting to do so, knowingly deposited and caused to be deposited an envelope to be delivered by the United States Postal Service, according to the directions thereon to Victim C's address in Schaumburg, Illinois, which envelope contained documents purporting to be a policy for E&O and general liability insurance;

In violation of Title 18, United States Code, Section 1341.

8

## COUNT SIX

The SPECIAL JUNE 2007 GRAND JURY further charges:

1.      The Grand Jury realleges and incorporates paragraphs 1 through 14 of Count One of this indictment as though fully set forth herein.

2.      On or about December 11, 2004, at Carpentersville, in the Northern District of Illinois, Eastern Division,

MICHAEL NAPADOW,
also known as "Michael Holland,"

defendant herein, for the purpose of executing the above-described scheme to defraud, and attempting to do so, knowingly caused Victim D to deposit an envelope to be sent and delivered by the United States Postal Service, according to the directions thereon, to Nations Hazard Insurance Company at 180 S. Western Avenue, PMB 273, in Carpentersville, Illinois, 60110, which envelope contained a check made payable to Nations Hazard Insurance in the amount of $3669.60;

In violation of Title 18, United States Code, Section 1341.

9

## FORFEITURE ALLEGATION

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations of Counts One through Six of this Indictment are realleged and incorporated here by reference as if fully restated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 18, United States Code, Sections 1341 and 1343, as alleged in Counts One through Six of the foregoing Indictment,

MICHAEL NAPADOW,
also known as "Michael Holland,"

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all right, title and interest he may have in any property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3. The interest of the defendant subject to forfeiture as the result of his violations of Title 18, United States Code, Sections 1341 and 1343, includes, but is not limited to approximately $289,652.80.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

10

c.      Has been placed beyond the jurisdiction of the Court;

d.      Has been substantially diminished in value; or

e.      Has been commingled with other property which cannot be divided
without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by Title 28, United States Code, Section 2461(c) to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c).


A TRUE BILL


_____
FOREPERSON


_____
UNITED STATES ATTORNEY

11