UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 328 |
| vs. | ) | |
| | ) | Judge Harry D. Leinenweber |
| MICHAEL NAPADOW, | ) | |
| also known as "Michael Holland" | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States

Attorney for the Northern District of Illinois, respectfully submits the attached proposed jury

instructions.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:     /s/ Rick Young
        Renai S. Rodney
        Rick Young
        Assistant United States Attorneys
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60603
        (312) 353-5300

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GOVERNMENT INSTRUCTION NO. 1

Seventh Circuit Committee (1999) 1.01

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true and that a person would have given certain testimony.

GOVERNMENT INSTRUCTION NO. 2

Seventh Circuit Committee (1999) 1.02

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

GOVERNMENT INSTRUCTION NO. 3(a)

Seventh Circuit Committee (1999) 1.03

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.

GOVERNMENT INSTRUCTION NO. 3(b)

Seventh Circuit Committee (1999) 1.03

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inferences you make must be reasonable and must be based on the evidence in the case.

GOVERNMENT INSTRUCTION NO. 4

Seventh Circuit Committee (1999) 1.04

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

GOVERNMENT INSTRUCTION NO. 5

Seventh Circuit Committee (1999) 1.05

Certain things are not evidence.  I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections by the lawyers are not evidence.  Attorneys have a duty to object when they believe a question is improper.  You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence.  The purpose of these statements is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GOVERNMENT INSTRUCTION NO. 6

Seventh Circuit Committee (1999) 1.06

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 7

Seventh Circuit Committee (1999) 1.07

The indictment in this case is the formal method of accusing a defendant of an offense and placing a defendant on trial.  It is not evidence against the defendant and does not create any inference of guilt.

Defendant Michael Napadow is charged with knowingly devising, intending to devise, and participating in a scheme to defraud and to obtain money, and causing mailings and interstate wire transmissions in furtherance of this scheme to defraud and obtain money.

GOVERNMENT INSTRUCTION NO. 8

Seventh Circuit Committee (1999) 2.01 (modified)

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 9

Seventh Circuit Committee (1999) 2.03

The defendant has an absolute right not to testify.  The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

GOVERNMENT INSTRUCTION NO. 10

Seventh Circuit Committee (1999) 3.01

You have received evidence of a statement said to be made by defendant to law enforcement officers.  You must decide whether the defendant did in fact make the statement.  If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves.  In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself and the circumstances under which the statement was made.

GOVERNMENT INSTRUCTION NO. 11

Seventh Circuit Committee (1999) 3.02

You have heard evidence that before the trial a witness made a statement that may be inconsistent with the witness's testimony here in court.  If you find that it is inconsistent, you may consider the earlier statement in deciding the truthfulness and accuracy of the witness's testimony in this trial.  If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.

GOVERNMENT INSTRUCTION NO. 12

Seventh Circuit Committee (1999) 3.09

A statement made by the defendant before trial that is inconsistent with the defendant's testimony here in court may be used by you as evidence of the truth of the matters contained in it, and also in deciding the truthfulness and accuracy of the defendant's testimony in this trial.

GOVERNMENT INSTRUCTION NO. 13

Seventh Circuit Committee (1999) 3.10

Certain summaries are in evidence.  They truly and accurately summarize the contents of voluminous books, records or documents, and should be considered together with and in the same way as all other evidence in the case.

GOVERNMENT INSTRUCTION NO.  14

Seventh Circuit Committee (1999) 3.15

Certain summaries are in evidence.  Their accuracy has been challenged by the defendant.

Thus, the original materials upon which the exhibits are based have also been admitted into evidence

so that you may determine whether the summaries are accurate.

GOVERNMENT INSTRUCTION NO.  15

Seventh Circuit Committee (1999) 3.16

Counts One and Three of the indictment charge the defendant with wire fraud.  To sustain the charge of wire fraud, the government must prove the following propositions:

First, that the defendant knowingly devised or participated in the scheme to defraud or to obtain money or property by means of material false pretenses, representations, or promises, as described in the indictment;

Second, that the defendant did so knowingly and with the intent to defraud; and

Third, that for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused wire communications in interstate commerce to take place in the manner charged in the particular count.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 16

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343 (modified)

*Neder v. United States*, 527 U.S. 1, 25 (1999)

Counts Two, Four, and Five of the indictment charge the defendant with mail fraud.  To sustain the charge of mail fraud, the government must prove the following propositions:

First, that the defendant knowingly devised or participated in the scheme to defraud or to obtain money or property by means of material false pretenses, representations, or promises, as described in the indictment;

Second, that the defendant did so knowingly and with the intent to defraud; and

Third, that for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of the United States mails in the manner charged in the particular count.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 17

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343 (modified)

*Neder v. United States*, 527 U.S. 1, 25 (1999)

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

In considering whether the government has proven a scheme to defraud or to obtain money or property by means of false pretenses, representations or promises, it is essential that one or more of the false pretenses, representations, promises and acts charged in the portion of the indictment describing the scheme be proved establishing the existence of the scheme beyond a reasonable doubt. However, the government is not required to prove all of them.

A scheme to defraud is a scheme that is intended to deceive or cheat another and to obtain money or property or cause the potential loss of money or property to another.

GOVERNMENT INSTRUCTION NO. 18

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343

The phrase "intent to defraud" means that the acts charged were done knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property or the potential loss of money or property to another.

GOVERNMENT INSTRUCTION NO. 19

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343

A pretense, representation, promise, or act is material if it had the effect of influencing the action of a person, body, or agency, or was capable of or had the potential to do so.  It is not necessary that the pretense, representation, promise, or act actually have the influence or be relied on by the person, body, or agency, so long as it had the potential or capability to do so.

GOVERNMENT INSTRUCTION NO. 20

Seventh Circuit Committee (1999) 18 U.S.C. § 1001 (modified)

The wire fraud and mail fraud statutes can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

GOVERNMENT INSTRUCTION NO. 21

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343

As to Counts One and Three, the government must prove that the interstate communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme.

In order to use or cause the use of the interstate communication facilities, the defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that the defendant knew that the wire communication was of an interstate nature.

The defendant need not actually or personally use the interstate communication facilities.

Although an item sent by interstate communication facilities need not itself contain a fraudulent representation or promise or a request for money, it must further or attempt to further the scheme.

Each separate use of interstate communication facilities in furtherance of the scheme to defraud constitutes a separate offense.

GOVERNMENT INSTRUCTION NO. 22

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343

As to Counts Two, Four, and Five, the government must prove that the United States mails were used to carry out the scheme, or were incidental to an essential part of the scheme.

In order to use or cause the use of the United States mails, the defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen.

The defendant need not actually or personally use the mail.

Although an item mailed need not itself contain a fraudulent representation or promise or a request for money, it must further or attempt to further the scheme.

Each separate use of the mail in furtherance of the scheme to defraud constitutes a separate offense.

GOVERNMENT INSTRUCTION NO. 23

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343

A facsimile transmission from Illinois to Wisconsin or from Wisconsin to Illinois constitutes a transmission by means of wire communication in interstate commerce within the meaning of the wire fraud statute.

GOVERNMENT INSTRUCTION NO. 24

Seventh Circuit Committee (1999) 18 U.S.C. § 1343

If you find the defendant guilty, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

GOVERNMENT INSTRUCTION NO. 25

*United States v. Tejeda*, No. 05 CR 194 (Gettleman, J.)

*United States v. Isunza*, No. 03 CR 35 (Zagel, J.)

See also *United States v. Reagan*, 694 F.2d 1075, 1980 (7th Cir. 1982)

The indictment charges that the offenses were committed "on or about" certain dates. The government must prove that the offenses happened reasonably close to the dates alleged in the indictment but is not required to prove that the alleged offenses happened on those exact dates.

GOVERNMENT INSTRUCTION NO. 26

Seventh Circuit Committee (1999) 4.04 (modified)

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

GOVERNMENT INSTRUCTION NO. 27

Seventh Circuit Committee (1999) 4.06

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO. 28

Seventh Circuit Committee (1999) 7.01

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned at to each count.  Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

GOVERNMENT INSTRUCTION NO. 29

Seventh Circuit Committee (1999) 7.03

I do not anticipate that you will need to communicate with me.  If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the Marshal.

GOVERNMENT INSTRUCTION NO. 30

Seventh Circuit Committee (1999) 7.05

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 31

Seventh Circuit Committee (1999) 7.06

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA            )
                                    )     No. 08 CR 328
            vs.                     )
                                    )     Judge Harry D. Leinenweber
MICHAEL NAPADOW,                    )
also known as "Michael Holland"     )

## <u>VERDICT</u>

With respect to Counts One through Five of the Indictment, we, the jury, find the defendant, MICHAEL NAPADOW:

|  | <u>Guilty</u> | <u>Not Guilty</u> |
|---|---|---|
| COUNT ONE: | ☐ | ☐ |
| COUNT TWO: | ☐ | ☐ |
| COUNT THREE: | ☐ | ☐ |
| COUNT FOUR: | ☐ | ☐ |
| COUNT FIVE: | ☐ | ☐ |

_____            _____

FOREPERSON

_____            _____


_____            _____


_____            _____


_____            _____


_____            _____

                                            _____
                                            DATE